JOHN H. BORGER & COMPANY, RESPONDENT, v. EMANUEL GOFFMAN AND REUBEN ZIMMERMAN, APPELLANTS.

Submitted May 12, 1933—Decided October 3, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *Nat N. Kranzler (Herman W. Kurtz,* of counsel).

For the respondent, *David Bernheim (Joseph J. Corn,* of counsel).

PER CURIAM.

The appeal in this case is from a judgment awarded the plaintiff in the First District Court of Newark. The case was heard by the judge sitting without a jury and was on a written guaranty made by the defendants for the purchase of goods to be made by Goffman & Kochman, and reading as follows:

"We, the undersigned, in consideration of John H. Borger & Company, a New York corporation, and or Heineman-Haman Inc., a New York corporation, giving merchandise to Paul Goffman and Alex Kochman, trading as Goffman & Kochman, for a sum not to exceed four hundred ($400) dollars, agree to pay to John H. Borger & Company, Inc.,

and or Heineman-Haman Inc., provided that Paul Goffman and Alex Kochman, trading as Goffman & Kochman, do not pay for merchandise so received by them within ten days after receipt of said merchandise.

This liability on our part shall be joint and several and shall continue for a period of six months from date hereof.

Dated March 15, 1932.

> KATE GOFFMAN,
> EMANUAL GOFFMAN,
> HYMAN KAPLAN,
> AL KOCHMAN,
> REUBEN ZIMMERMAN, M. D."

The defenses were that there was no sale to Goffman & Kochman and that the guaranty was never accepted by the plaintiff.

The appeal is without merit. The paper-writing, as the trial judge said, partakes more of the nature of an original undertaking rather than a guaranty. Assuming, however, that it is the latter, it was given to one Chesler and Paul Goffman, one of the guaranteed firm, and was delivered to the plaintiff. The plaintiff then sold the bill of goods to Goffman & Kochman and they failed to pay. Hence this suit. That the goods were sold was admitted at the trial; also that there was a balance of $250, less a credit of $55.50 due.

In arguing the second point citation is made by appellants of numerous cases holding that an offer of guaranty must be accepted by the other party before it becomes binding, and no criticism can be made of them, but the present contract was more than an offer; it was a direct guaranty by the defendants of purchases to be made by the firm of Goffman & Kochman of the plaintiff corporation or another corporation therein named; it was made for the benefit of whichever of the two should make the sales, and when it came into the hands of the plaintiff and was acted upon by it in the sale of the goods, we think it became binding on the defendants and they were rightly held bound by it.

The judgment is affirmed, with costs.